## CURTIS v. FAIRBANKS.

An action does not lie in favor of a party to a suit, against his adversary, for falsely swearing before an auditor and thereby procuring a judgment.

CASE. The declaration alleged that an action was pending, in which Fairbanks and one Luther Rixford were plaintiffs, and Curtis, the present plaintiff, was defendant, and came on for hearing before an auditor appointed by the court. The action was brought to recover the amount of a note which Curtis had given Fairbanks & Rixford, and a set-off had been duly filed of a claim of $50 for coal which Curtis had sold and delivered them.

That Fairbanks, intending to injure this plaintiff, did upon the hearing before the auditor, testify, in substance, that on the 13th day of April preceding, Curtis, this plaintiff, called on him and said that he was ready to settle, and thereupon exhibited a memorandum from Rixford of the amount due for the coal, from which it appeared, that $35.06 were due from Fairbanks & Rixford to the plaintiff; and that that sum was then and there indorsed upon a note which those persons had against the

plaintiff, and that he thereupon gave the note in suit in the action, for $18.50, to satisfy the balance then remaining due from him to them. Whereas the plaintiff here alleges that no such sum was then or at any other time indorsed upon such note, nor was it in any manner paid by Rixford & Fairbanks, but remained due at the time of the hearing, and ought to have been allowed to the plaintiff; but by reason of the false testimony of Fairbanks, the defendant, it was not allowed. By reason of which false testimony, and consequent proceedings of the auditor occasioned thereby, a judgment was afterward rendered upon the report in the common pleas for damages and costs, amounting in all to $60.12, whereby the plaintiff has been damnified and put to special expense.

The defendant demurred generally.

*Vose,* for the plaintiff. There are authorities on both sides of the case; Com. Dig., Action on the Case, B, 7, 8; Bac. Abr., Action on the Case, H, in note, p. 96; Statute 5 Eliz., chap. 9; giving debt for subornation of perjury; Rastall's Entries 481 (Ed. of 1670); *Smith* v. *Lewis,* 3 Johns. 157; *Page* v. *Camp,* Kirby 7; *Bostwick* v. *Lewis,* 2 Day 447; *Peck* v. *Woodbridge,* 3 Day 30; *Pettengill* v. *Rideout,* 6 N. H. 454; *King* v. *Chase,* 15 N. H. 9.

The old doctrine that there is no civil remedy for a felony, and of merger in felony, is not perhaps law here. *Pettengill* v. *Rideout,* 6 N. H. 454.

The court in *Smith* v. *Lewis,* do not inquire whether 5 Eliz., chap. 9, had been adopted in New-York; and were mistaken in supposing that no precedent of an action for subornation was to be found.

The position that the matter has been conclusively in issue, is incorrect. See *King* v. *Chase.*

Public prosecutions are inefficient to restrain and prevent perjury, and would be aided by civil actions. The evidence also must be of the same character as in other

suits, not of parties, or persons interested; and no greater danger of perjury exists in these, than in other suits.

*Edwards & Bennett,* for the defendant.

GILCHRIST, J. This is an action on the case, brought by one who was a party to a former suit, to recover damages against his adversary in that suit for falsely testifying before an ʼauditor to whom it was referred, and by that false testimony procuring and causing a judgment to be rendered against the present plaintiff. The cause of action is set forth in two counts, with no material variation, except that in the second the commencement of the former suit, by the present defendant, with an alleged malicious purpose of causing a judgment unjustly to be rendered against the present plaintiff, is set up in connection with the alleged false testimony in support of it, as the gravamen of the action. A general demurrer is put in by the defendant, which raises the question whether an action can be maintained for such a cause.

The act with which the defendant is charged in the declaration is an indictable offence. N. H. Laws 378, 141, 142. But that circumstance is not an impediment to the maintenance of a civil action for damages, in behalf of the party injured, as was decided in *Pettengill* v. *Rideout,* 6 N. H. 454; nor is it according to the doctrine of that case, material whether the offending party have or have not previously been convicted of the crime.

The objection to the maintenance of this action, and what takes a case like this out of the general rule of law, that for every injury there is a remedy by an action on the case if not otherwise, is, that its merits can not in general be tried without at the same time trying the merits of an action which has already been settled in the due course of law. The discussions on this point have taken a wide range, and it is not necessary for the purposes of

this case to follow them so far as to inquire into the effect of a foreign judgment, or whether the reason adverted to is applicable to cases in which an estoppel is not technically established. As to the matters in controversy in the prior suit, the judgment is in law an estoppel; and the parties are precluded by it from vexing one another by fresh suits putting the same matters directly in issue. And this is not an arbitrary rule of law, but is founded upon high principles of public policy, and for the purposes of public quiet and order. The tribunals that have been instituted for the purpose of deciding the inevitable questions and controversies that arise in business, or that are engendered by the passions of men, would be useless, or worse than useless, if their adjudications were not final, when the law intends they shall be so. If a party dissatisfied with the result of a controversy could, upon a mere surmise of an injustice, travel from forum to forum as long as he chose to do so, so far as the peace of society is interested it would be scarcely worse to dispense with the forms of law entirely, and to refer such differences to the arbitriment of the usages of savage life.

Now, what the plaintiff seeks to do in the present action is, to raise again and decide in court the very issue that was made and settled in the former suit. This he seeks to do, not in the way of appeal, or by a motion for a new trial founded upon accident, or mistake, or other causes for which the law affords relief upon representations duly made to the proper tribunals. But, through a device of the party's own, he endeavors to deprive his adversary of the fruits of a judgment, by evading the just and legal effect of the judgment itself. We think that the law has not been so framed as to admit such an evasion of its leading principles, and that a judgment on a question once fairly submitted, that is final in form, is so in effect also.

This subject received an able discussion in New-York,

in *Smith* v. *Lewis*, 3 Johns. 157; in which most of the few cases in which the question had ever been presented were examined. It was an action by one of the parties to an old suit, against his adversary, for suborning a witness. The sense of the court is emphatically declared by Chief Justice *Kent*, in citing the language of Chief Justice *Eyre*, in *Phillips* v. *Hunter*. "Shall the same judgment create a duty for the recoveror on which he may have an action of debt, and a duty against him upon which an action will lie? This goes beyond my comprehension. It would be against public policy," Kent proceeds, "it would be productive of endless litigation, and it would be contrary to established precedent to allow the losing party to try the cause over again in a counter suit, because he was not prepared to meet his adversary at the trial of the first suit."

We are accordingly of the opinion that the present action, so justly obnoxious, and which is not sustained by authoritative precedents, can not be maintained, and that there must be

*Judgment for the defendant on the demurrer.*