Lyford v. Demerritt.

## LYFORD v. DEMERRITT.

Where, in a process of foreign attachment, judgment has been rendered, discharging the trustee on his disclosure, the plaintiff in that process cannot maintain an action on the case against the trustee for obtaining his discharge by falsehood and fraud in his disclosure, and by fraudulent collusion with the principal defendant.

CASE. The declaration was in two counts. The first count alleged that the plaintiff, on the 14th of July, 1841, having a just demand against one John Batchelder, sued out of the Court of Common Pleas for the county of Belknap, his writ of attach-

ant to be summoned as the trustee of Batchelder ; that the writ was duly served and returned to the August term of that court, 1841, at which term the defendant appeared and answered to the action, which was continued from term to term till February term, 1846 ; that this defendant, contriving to prevent the plaintiff from recovering and collecting his said demand, falsely, fraudulently, wilfully and wickedly, and without any just claim or demand against Batchelder, took, and caused Batchelder to give to him a deed of mortgage, and give him possession of all his personal estate, and also a deed of all his real estate, to secure and pay notes and money which the defendant pretended he had received and paid from and for Batchelder ; and having thus taken said conveyances, the defendant, on the 26th day of February, 1846, came into said court, and upon oath declared, testified and affirmed that said mortgage and said deed were made and executed for the security and payment of just debts due and owing from Batchelder to him ; which said oath and affirmation were wholly false, fraudulent, wicked, wilful, and designed to defraud the plaintiff of his just claim against Batchelder ; by reason of which the plaintiff was defrauded and prevented from recovering his debt against Batchelder, and has wholly lost the same.

The second count was substantially like the first, with the additional averment that the defendant took the conveyances, " conniving, confederating, conspiring and agreeing with Batchelder to defraud the plaintiff."

The defendant demurred to the declaration, and the questions transferred to this court arise on the demurrer.

*Lyford*, for the plaintiff.

*James Bell*, for the defendant.

PERLEY, C. J.  The trustee summoned by our process of foreign attachment is a party to the suit, and the judgment charging or discharging him has the same force and effect as

other judgments; that is to say, it is conclusive upon the parties as to the matter adjudicated. *Demerritt* v. *Lyford*, 7 Foster 541.

And the judgment is equally conclusive when the question arises between the same parties, whether it is declared on as the foundation of a suit, pleaded as a bar, or given in evidence to establish the point decided. It is not competent for the party in any other action to deny, or plead any thing to the contrary of what has been found and adjudicated by the judgment. *Arnold* v. *Arnold*, 17 Pick. 4, 9.

The parties to this suit, and to the judgment in the former suit, are the same. What was the point adjudged in that suit? The plaintiff alleged that this defendant, who was summoned as trustee, had in his hands funds belonging to Batchelder, the principal defendant in that suit, for which he ought to be charged as trustee. This the trustee denied. That was the matter in controversy, the point directly in issue, and the point decided and concluded by the judgment. That judgment, therefore, establishes the fact as between these parties, that the defendant had in his hands no funds for which he ought to have been charged in that suit.

What is the foundation of the plaintiff's claim and charge? The substance of his complaint is, that the defendant had in his hands funds for which he ought to have been charged as trustee in that suit, and that by fraudulent contrivance with Batchelder, and by falsehood and fraud in his disclosure, he obtained an unjust judgment for his discharge. The plaintiff, therefore, undertakes, as the foundation of his claim, to put in issue the precise point that was adjudged between the same parties in the former suit, to wit, whether the defendant had in his hands funds for which he ought in that process to have been charged as the trustee of Batchelder.

The same facts that would be required to maintain this declaration would have been sufficient to charge the defendant as trustee in the former suit. To maintain this declaration the plaintiff would be obliged to shew that, by fraudulent transfers and conveyances, property of Batchelder came into the posses-

sion of the defendant, for which he was chargeable in that suit as trustee; otherwise he would not shew that the defendant's disclosure was false, or that he had suffered any damage by losing a security for the payment of his debt against Batchelder; but if the same facts had appeared in that suit, of course the trustee would have been charged.

It is quite manifest that in this action the plaintiff seeks to try again the same question that was tried and decided in the former suit between the same parties. This, on well settled principles, he cannot be permitted to do; and we are not able to see any peculiar hardship in the application of so familiar a general principle to this case. In process of foreign attachment, as given by our statute, the plaintiff may in the outset, if he so elect, try the question of the trustee's liability by the jury; and if, having chosen in the first instance to take the trustee's disclosure, he is not satisfied with his statements under oath, he may still, after disclosure, have the question submitted to a jury. It cannot, therefore, be said that the law did not give the plaintiff abundant opportunity to try this question fully in the original suit.

This action, so far as I am informed, is of new impression. If the experiment should succeed, in all the numerous cases where plaintiffs seek to charge trustees on the ground of fraudulent conveyances made to them by debtors, after a judgment discharging the trustees, they might be sued again, as in this case, and the same question tried anew in another action.

The case of *Dunlop* v. *Glidden*, 31 Maine 435, is an authority to shew that the allegation of a conspiracy with others does not affect the question. In that case it was held, that where a verdict and judgment have been recovered against a party to a suit, he cannot, while such judgment is unreversed, maintain an action against the other party jointly with others, upon an allegation that said verdict was unjust and false, and was procured by them through fraud and perjury, under a conspiracy to effect that purpose. The court say: " The judgment against the plaintiff, so long as it remains in force, must be considered as

true and just. The plaintiff cannot be permitted to aver the falsity of that judgment, while it remains in force, as the ground of the recovery of damages."

*Judgment for the defendant on the demurrer.*