## STEVENS *v.* ROWE & a.

An action at law cannot be maintained for a mere conspiracy to do a wrong.

An action for damages cannot be maintained against one for procuring false testimony in the trial of a suit, in which he is an adverse party, so long as the judgment obtained by the false testimony remains, nor against a witness for perjury in such trial.

CASE, for conspiring together to testify falsely in a material matter, in the trial before a referee of a suit between the plaintiff and the defendant Rowe, and that, in pursuance of the conspiracy, the defendant Chadwick did testify falsely in said matter, whereby the plaintiff was injured.  The question reserved was on a demurrer to the declaration.

*Rolfe*, for the plaintiff.

*Wait* and *Albin*, for the defendants.

ALLEN, J.  No special damage is alleged to have resulted from the conspiracy set up, nor from the false testimony claimed to have been given by the defendants.  The award and consequent judgment must, in whole or in part, have resulted from the false testimony to enable the plaintiff to recover, if he could recover at all. The fact of conspiracy is not actionable, but only the acts of the confederated parties, and these only when they would be actionable if done by an individual.  The ancient writ of conspiracy, as a civil process, is not now used in practice.  It never had force beyond cases of conspiring to prosecute for treason and felony punishable with death; and the action used in modern practice does not differ

from the ordinary action on the case for special damages, further than it charges the acts complained of upon several instead of upon one. The wrongs claimed to have been done to the plaintiff, and not the conspiring to do them, are the foundation of the action, and the damage resulting from the unlawful acts must be alleged. *Savile* v. *Roberts*, 1 Ld. Raym. 374; *Cotterell* v. *Jones*, 11 C. B. (73 C. L.) 714; *Wellington* v. *Small*, 3 Cush. 145; *Parker* v. *Huntington*, 2 Gray 124, 127; *Bowen* v. *Matheson*, 14 Allen 499, 502; *Hutchins* v. *Hutchins*, 7 Hill 104; *Kimball* v. *Harman*, 34 Md. 407; *Laverty* v. *Vanarsdale*, 65 Pa. St. 507. The want, in the plaintiff's declaration, of an allegation of damage from the false testimony, could be supplied by amendment; but were the amendment made, the action could not be maintained on the facts alleged.

A party cast in a judgment in a suit at law cannot maintain an action against the adverse party for suborning a witness, whose false testimony tended to produce the judgment (*Bostwick* v. *Lewis*, 2 Day 447; *Smith* v. *Lewis*, 3 Johns. 157), nor for the adverse party's fraud and false swearing, so long as the judgment remains in force. *Curtis* v. *Fairbanks*, 16 N. H. 542; *Lyford* v. *Demerritt*, 32 N. H. 234; *Damport* v. *Sympson*, Cro. Eliz. 520; *Eyres* v. *Sedgewicke*, Cro. Jac. 681; *Revis* v. *Smith*, 18 C. B. (86 C. L.) 125. A proceeding of this kind is an attempt to reëxamine the merits of a judgment in a collateral suit between the same parties. Reasons of public policy and uniform authority forbid the attacking and impeachment of a judgment in this way. The plaintiff's only remedy is an equitable proceeding to set aside the judgment, or a petition for a new trial under the statute.

An action by the defeated party cannot, for equally good reasons, be maintained against a witness or witnesses for giving false testimony in favor of his opponent. Public policy, and the safe administration of justice, require that witnesses, who are a necessary part of the judicial machinery, be privileged against any restraint, excepting that imposed by the penalty for perjury. Though not a party to the former suit and judgment, the merits of that judgment cannot be reëxamined by a trial of the witness's testimony in a suit against him. The procedure, if permitted, would encourage and multiply vexatious suits, and lead to interminable litigation. *Cunningham* v. *Brown*, 18 Vt. 123; *Dunlap* v. *Glidden*, 31 Me. 435; *Grove* v. *Brandenburg*, 7 Black. (Ind.) 234.

*Demurrer sustained.*

Foster, J., did not sit: the others concurred.