BELKNAP.

---

SANBORN *v.* PIPER *&* a.

The order appointing a time and place for considering an application to take the poor debtors' oath under Gen. Laws, c. 241, *s.* 4, must state the hour as well as the day fixed for the hearing.

DEBT, on a prison bond. Facts found by the court. February 17, 1886, Piper applied to two justices to take the poor debtors' oath. The justices issued an order of notice by which the plaintiff was required to appear "at the office of E. P. Thompson, in Laconia, on the 12th day of March, 1886, to show cause, etc.," which was duly served. March 2, 1886, one of the justices wrote a letter to the plaintiff's counsel stating that he could not attend the hearing March 12, and that the other justice would attend and adjourn the hearing "to Monday, March 15, at 10 o'clock;" and the hearing was so adjourned. The plaintiff did not attend at any hour of the day March 12 nor March 15. On the last named day Piper was admitted by the justices to take, and took, the poor debtors' oath.

*J. L. Wilson* and *E. A. & C. B. Hibbard*, for the plaintiff.

*S. W. Rollins* and *Jewell & Stone*, for the defendants.

SMITH, J. When a debtor makes application to justices to be admitted to take the oath for the relief of poor debtors, either of the justices may make an order on the application appointing a time and place for its consideration. It is the duty of the debtor to cause the creditor or his attorney to be served with a copy of the application and order at least fifteen days before the day of hearing, that the creditor may appear and contest his discharge. G. L., *c.* 241, *s.* 4. One purpose of the present modified system of imprisonment for debt is to enable the creditor to put his debtor on examination, and search his conscience as to his property and means of payment. Unless the creditor is properly and seasonably notified, the opportunity for such examination may be lost. *Baker*

v. *Moffat*, 7 Cush. 259, 262. He is not obliged to seek for information outside of the notice required by law. *Carr* v. *Ashland*, 62 N. H. —. Legal notice means something more than bare knowledge of a given fact : it is knowledge brought home to a party in a prescribed form. When its terms are so unambiguous and distinct that the meaning cannot without negligence or inattention be misunderstood, the notice is sufficient. Defects in form by which a party is not misled to his injury do not render a notice invalid. But a notice giving wrong information so as to mislead the party upon whom it is served, or silent as to material information which the statute requires, cannot be regarded as legal notice.

The question in this case is, whether the notice served upon the plaintiff gave him such definite information in regard to the time appointed for the hearing that he was enabled to be present without further information in that respect. The day fixed for the hearing was named, but the hour when the magistrates would attend was not stated. The practice, it is believed, has been universal, in this state, to name not only the day but the hour when the party upon whom the notice is served is required to attend. The same may be said of civil process returnable before justices of the peace and police courts, and perhaps before all courts of inferior jurisdiction. The statutory provision requiring justices to appoint a time for considering the debtor's application, interpreted in the light of this uniform practice, means the appointing not only of the day, but the hour of the day, when they will attend ; and the debtor must proceed within the hour appointed, unless the hearing is postponed. *Banks* v. *Johnson*, 12 N. H. 445, 453 ; *Downer* v. *Hollister*, 14 N. H. 122, 125.

The justices are not limited by the statute to any particular part of the day during which the time for the consideration of the debtor's application is to be fixed. The time must be a reasonable one. The convenience alike of the creditor, debtor, and justices requires that some hour be fixed ; and unless the hour as well as the day is stated in the notice, the creditor is not legally informed of the time, and is not bound to attend.

The letter written March 2 by one of the justices notifying the plaintiff's counsel that the hearing would be adjourned March 12, to ten o'clock on March 15, does not cure the defect in the notice, whether the letter be viewed as an original notice in itself, or as an amendment of the notice of February 17. The service was insufficient in point of time, having been made less than fifteen days before the day of the hearing. Whether service by mail is legal service we have no occasion to consider.

*Judgment for the plaintiff.*

CARPENTER, J., did not sit : the others concurred.