Merrimack,  }
Nov. 1, 1921. }

### EARL H. FITZHUGH v. GRAND TRUNK RAILWAY CO. & a.

A mere conspiracy does not constitute a civil cause of action.

A principal and agent may be joined as defendants in an action seeking to charge both for a tort committed by the agent in the course of the principal's business.

An agent cannot, in a dual capacity, individually conspire with himself as agent, and so make his principals liable for his subsequent acts not otherwise authorized or ratified; but the principal's liability must be established either by authority given to the agent directly, or by ratification, or by participation by other and authorized agents whereby the principal became chargeable with the subsequent conduct of the agent in question.

It is not the practice to consider difficult questions of law in advance of a trial when it appears that the decision will not aid in the trial, and that the conclusions there reached may render the question immaterial.

CASE, for interference with the plaintiff's rights by sundry acts and words, being the same action heretofore reported. 79 N. H. 371. The defendants are the Grand Trunk Railway Company, the Central Vermont Railway Company, Edson J. Chamberlin, Alfred W. Smithers and Edward C. Smith. The individual defendants are non-residents. After the former decision, the trustees' disclosures were taken and showed large sums due. Orders of notice were issued, and upon the return day each individual defendant filed a special appearance, stated to be for the sole purpose of protecting the party's rights in the funds which had been attached. For the same purpose they each filed a demurrer to the declaration, and a motion to dismiss the action for misjoinder of defendants. Thereupon the plaintiff moved that the appearances be treated as general. The demurrers were overruled, the motions to dismiss were denied, and the plaintiff's motion was granted. The defendants excepted, and the questions thus raised were transferred from the April term, 1921, of the superior court by *Sawyer*, J.

*James W. Remick, Nathaniel E. Martin* and *Murchie & Murchie* (*Mr. Remick* orally), for the plaintiff.

*Henry F. Hurlburt, Francis P. Garland, Hurlburt, Jones & Hall* (all of Massachusetts) and *George F. Rich* (*Messrs. Hurlburt* and *Garland* orally), specially, for Smithers and Chamberlin.

*J. W. Redmond* (of Vermont) and *George F. Rich*, specially, for Smith.

*George F. Rich*, for the Grand Trunk and Central Vermont Railways.

PEASLEE, J.  1. The defendants' demurrers and motions to dismiss are based upon the same ground.  The claim is that there is a misjoinder of defendants.  Upon the defendants' motion, the declaration has been amplified by more particular statements of the acts relied upon by the plaintiff, and the demurrers relate to the declaration in its present form.  The first of these statements charges that "On the twenty-third day of January, 1913, the said defendants Grand Trunk Railway Company of Canada, by its president, and the Central Vermont Railway Company, by its chairman of its board of directors, Edson J. Chamberlin, at St. Albans, Vermont, at a meeting of officials of said companies, maliciously and falsely accused the plaintiff of manufacturing evidence and testifying falsely before the Federal Grand Jury sitting at New York investigating the agreement between the Grand Trunk Railway Company of Canada, the Central Vermont Railway Company and the New York, New Haven and Hartford Railroad Company, and thereby forced his retirement from the presidency of the Central Vermont Railway Company and all of its subsidiaries and subsidiaries of the Grand Trunk Railway Company."

This statement presents all the questions now involved, and for convenience the case is considered upon the basis of this part of the declaration only, and as touching the relations between the defendant Chamberlin and the Grand Trunk Railway.

At the outset, counsel are at variance over the meaning of the language used in the amended declaration.  The defendants contend that it charges certain instances of malicious conduct upon the part of one individual defendant only, and that it states a claim of liability therefor by the corporate defendant, upon the basis of responsibility for acts of an agent.  The plaintiff claims that the language he has used has a broader meaning, and that it charges acts done, not only by the individual defendant, but by other agents or officers of the corporate defendant as well.  Ordinarily, no time would be spent over such a controversy.  The objection would be obviated by the plaintiff's amending his declaration so that it would unquestionably state what he claims it now alleges.  Whether the plaintiff shall

pursue this course, or shall persist in standing upon the declaration in its present form, at the risk of having certain evidence and grounds of liability excluded at the trial, is a matter for him to decide.

The substantial reason for not so amending at the present time appears to be that the parties are desirous of ascertaining in advance of the trial whether the principal and agent may be held liable in a suit against both for the malicious acts of this agent alone. As this question is practically certain to arise at the trial, and as the presiding justice deemed it wise that it should be determined in advance, argument has been heard, which, though in form upon the unimportant question whether the plaintiff has sufficiently stated his case in his declaration, yet in substance concerns a material question in the cause.

Can the principal and the agent be joined as defendants in an action seeking to charge both for a tort committed by the agent in the course of the principal's business? In *Page* v. *Parker*, 40 N. H. 47, it was held that they cannot be so joined. The decision seems to be put upon two grounds: (1) That the form of action would not be the same as to both, and (2) That as there can be no contribution between joint wrongdoers, the maintenance of such a suit, followed by verdict and judgment for the plaintiff against both defendants, would deprive the principal of any subsequent remedy over against the agent.

The first ground for that decision is no longer tenable in this jurisdiction. The form of action is not now material, unless it in reality involves a question of substance.

So far as *Page* v. *Parker*, *supra*, stands upon the ground that where judgment has been obtained against two in an action sounding in tort one cannot recover against the other, it is overruled, though not in terms, by *Boston & Maine Railroad* v. *Sargent*, 72 N. H. 455. The flaw in the argument advanced in *Page* v. *Parker*, *supra*, is the assumption that the verdict and judgment in the first suit would establish the proposition that the principal was a tortfeasor as between him and the agent. That this is not the correct rule is clearly pointed out in *Boston & Maine Railroad* v. *Sargent*, *supra*, and nothing need be added to what is there said upon the subject. Under the present practice in this state, there is no obstacle, as matter of law, to joining the principal and agent as defendants in the manner here attempted.

The corporate defendant argues that one result of such a conclusion would be to subject it to undue hardship and embarrassments

at the trial, that evidence admissible against the agent only would be likely to be used by the jury against the principal, and that the added issue of the principal's liability would confuse the jury. Some of these considerations were treated as of importance in *Page* v. *Parker, supra.* Our procedure is what justice and convenience require. Whether, in a case like this, the above considerations, or others which might be urged, are sufficient to warrant an order for separate trials for the several defendants, is a question of fact, to be decided by the presiding justice. If, upon the face of the papers, upon a preliminary statement of expected proof, or at any stage of the trial and proceedings up to the time a judgment is to be ordered, it appears to the presiding justice that such injustice will be or has been done, an order for a separate trial, or for a new trial for the aggrieved party, will fully protect all substantial rights. *Owen* v. *Weston,* 63 N. H. 599.

The decisions in other jurisdictions which are relied upon by the defendants are largely based upon the same grounds as *Page* v. *Parker, supra.* In view of our present liberal practice, and of the decision in *Boston & Maine Railroad* v. *Sargent, supra,* the conclusions reached under a different practice, or where the rule laid down in the last named case is not approved, cannot be adopted.

Construing the declaration according to the defendants' contention, it states a cause of action. It charges certain acts done by an agent acting as such. Whether the proof will sustain the allegations, that is, whether it will appear that the acts were within the scope of the general powers of the agent, or were specially authorized, or were subsequently ratified, are matters to be settled by a trial. If none of these grounds for corporate liability is shown, and the plaintiff seeks to establish it upon other grounds, the situation before suggested may arise. In view of the defendants' seasonable objection to a broader claim of liability under the allegations made in the amended declaration, shall the plaintiff be permitted to prove thereunder concerted action upon the part of the individual defendant with other and authorized representatives of the corporation? The plaintiff, having stated a cause of action, prevails upon the demurrer and upon the motion to dismiss. Whether he in fact wishes to prove a case which may vary from the one alleged, and whether he shall say so now or take the chance of being permitted to set it up later, are not matters to be decided here.

At the argument, the defendants contended that the corporation cannot be held liable as a co-conspirator with its agent, when the

only acts or words charged and proved are those of that agent. The argument is immaterial upon the present demurrer. There is no such thing in this state as a civil action based upon conspiracy alone. *Stevens* v. *Rowe,* 59 N. H. 578. The ground for recovery is found in the acts done, not in the plans made. The declaration charges acts done, and the demurrer presents no question of the plaintiff's ability to prove his allegations. But the making of joint plans may be, and often is, material in proving a case, since each party to a conspiracy is chargeable with the subsequent acts and admissions of the other, done or made in the execution of the common design. *State* v. *Pike,* 51 N. H. 105, 109. The course of the argument indicated that for this reason the question may be of importance at the trial, and it has been considered.

The claim that an agent, acting in a dual capacity, can individually conspire with himself as agent, and so make his principals liable for his subsequent acts, not otherwise authorized and not ratified, is clearly untenable. His implied authority to conspire with himself to act would necessarily include authority to do the acts which he conspired with himself to do. If he had no authority to act, he had none to conspire with himself to act. In short, the plaintiff's case against the defendant corporation, touching the acts or admissions of the individual defendant, must rest upon proof of authority given to him directly (either in express terms or by reasonable implication), or of ratification, unless the plaintiff is permitted to show participation by other and authorized agents of the corporation, whereby it became chargeable with the subsequent conduct of the individual defendant as its co-conspirator.

The fundamental fact necessary to be proved is that the actor had in some way been given power to represent the corporation. His lack of such power cannot be overcome by proof that he attempted to exercise it. *Union Hosiery Co.* v. *Hodgson,* 72 N. H. 427.

Whether, if the law were that conspiracy constitutes a cause of action, the rule that one cannot conspire with himself would apply in this case (*United States* v. *Company,* 16 N. M. 3), need not be considered. As before stated, concert of action is material only upon the question of authority conferred. Beyond this, ancient common-law rules as to what constitutes a conspiracy, and of civil liability therefor, are immaterial here.

2. There was no personal service upon the non-resident individual defendants, but their property in this state was attached upon trustee-process. Thereupon they appeared specially, solely for the purpose

of protecting their rights in the property, and took the proceedings hereinbefore considered. After they had done so, the plaintiff's motion to strike off the special appearance, and to treat the appearance as general, was granted, subject to exception. At the argument in this court, the defendants stated that if their exception should be overruled they did not purpose to take any steps to withdraw the appearances they had entered, because their rights in the property attached were so substantial that they must be protected, even at the cost of submitting themselves personally to the jurisdiction of the court. It thus appears that a decision of this question in advance of the trial is unnecessary. Whichever way the decision might be, the defendants would go on and make a defence upon the merits.

It is not the practice here to consider difficult questions of law in advance of a trial when it appears that the decision will not aid in the trial, and that the conclusions there reached may render the question immaterial. *Connecticut Valley Lumber Co.* v. *Monroe*, 71 N. H. 473, 474, and cases cited. If this litigation terminates in a verdict for the defendants, or in one for the plaintiff in a sum not exceeding the value of the property attached, the question now presented will be wholly immaterial.

The question is one not free from doubt. The authorities in this state (*Patten* v. *Patten*, 79 N. H. 388, and cases cited) relate to acts of a party in making a personal defence, as distinguished from conduct touching property against which something in the nature of a proceeding *in rem* is pending. In the language of the cases, it is a "grave and difficult" question of law (*Fellows* v. *Fellows*, 68 N. H. 611, 612), and its consideration is postponed until the outcome of a trial shows that it is material to the determination of the rights of the parties.

*Demurrers overruled: motions to dismiss denied.*

All concurred.