Grafton,
April 1, 1930.

HADLEY B. WORTHEN & a. v. ROBERT T. KINGSBURY & a.

*Robert W. Upton* and *Swain & Swain* (*Mr. Upton* orally), for the plaintiffs.

*Ralph W. Davis*, attorney-general, and *Jennie Blanche Newhall* (*Miss Newhall* orally), for the defendants.

PEASLEE, C. J. "When a town or city is divided into two or more districts, either district may petition the state board of education to unite the districts, and, if the board after notice and hearing finds that justice requires action, it may make an order consolidating the districts, and when and after that order is filed and recorded in the office of the secretary of state said town shall constitute a single school district." P. L., c. 119, s. 37.

The statute requires notice, but does not state what the notice shall be. Before this provision was adopted (Laws 1921, c. 123), certain jurisdiction to change district lines was committed to town officers, both before and after the passage of the town district act of 1885. G. S., c. 78, s. 9; Laws 1893, c. 72. It was continued after the state board was created. P. L., c. 119, s. 51 *et seq.* The existing

provision is in the same chapter as the one involved here, and in like manner provides for proceeding upon notice. As to proceedings before town officers, the meaning of the requirement is settled by other provisions of the statute. Chapter forty-nine of the Public Laws applies to all judicial hearings before town and district officers (ss. 1, 5), and contains the following requirements as to notice: "They shall appoint a time and place of hearing, and order notice thereof to be given to all persons whose property or rights may be directly affected by the proceeding, by giving to them or leaving at their abode an attested copy of the petition and order fourteen days at least before such hearing, or, if such persons are non-residents, by publication." s. 2. "Notice shall be given to all other persons interested by posting a like copy in one of the most public places in the town or district affected by the petition, and by leaving a like copy at the abode of the clerk of such town or district a like time before the hearing." s. 3.

There is fair room for argument that this chapter applies to proceedings before the state board of education. By its express terms it governs the action of school boards. s. 5. "The words 'school board' may mean any agent, committee, school board or board of education entrusted with the hiring of teachers and the management of the prudential affairs of the district." P. L., c. 2, s. 29. The state board is given large supervisory powers in these matters. It decides who may be hired as teachers (P. L., c. 116, s. 11, par. x, ss. 24-30; c. 117, ss. 1, 20), hires the teachers in the normal schools and practice schools (c. 116, ss. 17, 18), supervises the expenditure of all money appropriated for public schools (c. 116, s. 11, par. ii) and administers the school money through the local board in all cases of state aid (Ib. par. xi). It is denominated a board of education in the statute and is given a large share in determining who may be employed as teachers and in the management of the prudential affairs of districts.

But, assuming that chapter forty-nine does not in terms apply to the state board, it is not to be doubted that, when the legislature required that board to proceed upon notice, they did not mean a less notice than a like provision then and theretofore required to be given by town and district officers when exercising similar jurisdiction under another provision in the same chapter.

The act conferring this jurisdiction upon the state board (Laws 1921, c. 123) was declared to be in amendment of chapter 89, section 14, of the Public Statutes. It should have been in the form of an amendment to section 36, chapter 85, of the laws of 1921, which had

superseded the like provision in the Public Statutes before the passage of chapter 123. But as the intent is plain the error is unimportant. What matters here is that in Public Statutes, chapter 89, as amended by Laws 1921, chapter 123, and in Public Laws, chapter 119, there are parallel provisions for proceeding upon notice, when the petition is to town officers and when it is to the state board. The analogy is so close that regulatory statutes applying to one situation should be followed as to the other. *Manchester* v. *Furnald*, 71 N. H. 153, 159.

The proceedings before the state board are of as much importance as those before town officers. It is not to be assumed that the legislature intended they should be taken with any less formality, or that the opportunity to appear and be heard should be abridged. *Governor & Council* v. *Morey*, 78 N. H. 125.

Standing alone, the provision for notice would at least require a reasonable notice; and as the legislature has indicated what it deems a proper notice in similar proceedings, a substantial equivalent therefor is required here in any event.

The notice given in the present case bears no resemblance to that prescribed in the statute. There was no copy of "the petition," for there was none to copy. There was no attested order of notice, and neither service upon the town district nor posting of a copy of a petition and order. The time between the single publication over the name of the local superintendent and the date for hearing was but three days, as contrasted with the statutory requirement of fourteen days for personal notice and posting, and at least twenty-one days for service by publication.

As there is neither literal nor substantial compliance with the provisions of chapter forty-nine, nor anything that could be deemed a reasonable equivalent therefor, it is unnecessary to determine whether something different but equally efficient would answer. The safe course to pursue is to follow the directions of the statute. Anything less would always be open to question, and must be held to be ineffective whenever, as in this instance, it falls short of satisfying any standard of notice of legal proceedings recognized in this jurisdiction.

It is claimed that all these defects were cured by the presence at the hearing of the individuals who constituted the school board of the town district. The mere knowledge that the hearing was to be held, and that it was in progress is not enough. "Legal notice means something more than bare knowledge of a given fact: it is knowledge brought home to a party in a prescribed form." *Sanborn* v. *Piper* 64 N. H. 335, 336. There is no finding that they undertook to repre-

sent the district at that time in any way, or that they took any part in the hearing. In this respect the situation is essentially different from that in *Andover School District* v. *Carr*, 55 N. H. 452, relied upon by the defendant. The record there showed that the prudential committee appeared for the district. (See also *Fifield* v. *Swett*, 56 N. H. 432). The decision is put upon that ground.

There was here no appearance in the legal sense of a submission by the party to the jurisdiction of the tribunal. Where this is lacking, his mere physical presence in the court room, or his participation in the proceedings for the sole purpose of raising the question of jurisdiction, does not constitute a waiver of his right to object to the authority of the tribunal to act. *Wright* v. *Boynton*, 37 N. H. 9. The principle has frequently been recognized. *Fitzhugh* v. *Railway*, 80 N. H. 185; *Dolber* v. *Young*, 81 N. H. 157, and cases cited.

As there was no appearance which might cure a defect in the matter of notice, the question whether the lack of a petition could be remedied in that way has not been considered. Neither is it necessary to pass upon the validity of the action of the board in attempting to settle the official succession in the consolidated district.

Two of the plaintiffs are taxpayers in the town district, and the defendants suggest that these complainants are not parties who were entitled to notice of the petition to the state board. It has been held that taxpayers are not parties entitled to be heard upon a petition to the court for laying out a highway. "His interest is too remote; he is represented, as are all other tax-payers in town, by the town, which is the body, the aggregation of all the tax-payers and voters and citizens who reside in it. The town is represented here, and that is all the representation to which the tax-payers, as such, are entitled." *Burnham* v. *Goffstown*, 50 N. H. 560, 562, 563. Apparently, the same theory was applied in *Andover School District* v. *Carr*, 55 N. H. 452. It was there held that a waiver by a school district of notice of proceedings for its dissolution cured defective service. *Burnham* v. *Goffstown* was followed in *Bennett* v. *Tuftonborough*, 72 N. H. 63, and *Lane* v. *Keene*, 74 N. H. 599.

If it be assumed that the rule is applicable to these proceedings (see *Blood* v. *Company*, 68 N. H. 340), the result is not changed. The town district is a party plaintiff and entitled to relief, irrespective of the standing of other plaintiffs who have joined in the petition.

Argument has been advanced to the effect that no constitutional rights would be invaded by a proceeding of this character without notice. It is not necessary to consider this question. If the legisla-

ture could have enacted such a law, it did not do so. Instead, it provided in terms for notice and hearing, and required a finding that the proposed action would do justice, as prerequisites for making a consolidating order. The proceeding being a statutory one, the requirements of the statute must be complied with. *Thompson* v. *Carroll*, 36 N. H. 21, and cases cited.

The plaintiffs are entitled to such relief as will correct the error of law which is apparent upon the facts found. *Dinsmore* v. *Mayor and Aldermen*, 76 N. H. 187. There is a prayer for a restraining order to prohibit the exercise of the powers attempted to be conferred by the order of the state board. It is not likely that this relief will be needed. It is to be assumed that a judgment setting aside the order made will be sufficient. *Broderick* v. *Hunt*, 77 N. H. 139.

*Order of the state board set aside.*

All concurred.