Decker v. Decker, et al.          CV-96-424-M    09/11/97

UNITED STATES DISTRICT COURT

                  DISTRICT OF NEW HAMPSHIRE


<u>Marshal N. Decker</u>

     v.                                        Civil No. 96-424-M

<u>David R. Decker; Duncan Farmer;</u>
<u>Robert Stinson; Normandin,</u>
<u>Cheney & O'Neil, P.A.; Decker,</u>
<u>Fitzgerald & Sessler, P.A.; a/k/a</u>
<u>Fitzgerald & Sessler, P.A.</u>


                         **O R D E R**


     Pro se plaintiff, Marshall Decker, brings this action

against his brother and other defendants alleging malicious

prosecution and abuse of process arising from state court

litigation that followed a failed business relationship.

Plaintiff's brother, defendant David Decker, also pro se, moves

to dismiss plaintiff's conspiracy count for failure to state a

claim upon which relief can be granted.  For the following

reasons, defendant's motion to dismiss plaintiff's conspiracy

cause of action is granted.


**I.    Standard of Review**

     A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of

limited inquiry, focusing not on "whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S.

232, 236 (1974).  Accordingly, the court must take the factual

averments contained in the complaint as true, indulging every

reasonable inference helpful to the plaintiff's cause. Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); see also Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Great specificity is not required to survive a Rule 12(b)(6) motion. "[I]t is enough for a plaintiff to sketch an actionable claim by means of a generalized statement of facts from which the defendant will be able to frame a responsive pleading." Garita, 958 F.2d at 17 (citation and internal quotation marks omitted). In the end, the court may grant a motion to dismiss under Rule 12(b)(6) "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Id., at 17 (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

Because the plaintiff is acting pro se, his complaint is necessarily held to a less stringent standard than are formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Although the court will liberally construe a complaint drafted by a pro se litigant, the plaintiff must still allege facts sufficient to state a cause of action. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d at 53.

## II.  Background

This lawsuit is the culmination of a ten year disagreement and several years of state court litigation between two brothers

2

regarding a real estate investment and development project. In 1986, defendant, David Decker, purchased from his brother Marshall a ten percent interest in a real estate development project known as Cotton Farm Village ("C.F.V."). Subsequently, David sued Marshall in state court, claiming that Marshall converted profits from the sale of homes on the property for his own use. In 1993, the matter was tried on the merits to the Belknap County Superior Court.

At trial, David called an accountant who had audited C.F.V.'s books. The auditor testified that Marshall Decker had engaged in "unauthorized borrowing" of up to one million dollars. Although the trial court held that David had failed to prove that any "unauthorized borrowing" or "conversion" of the funds occurred, the court did find that "Marshall [had] not made the proper use of large sums of Cotton Farm Village [income]." Decker v. Decker, No. E-86-0128, slip op. at 12 (N.H. Superior Ct. September 1, 1993). In the end, the Superior Court ordered Marshal to pay his brother approximately $70,000, representing the value of David's ten percent interest in C.F.V. from 1986 through 1991 if Marshall had not engaged in "unauthorized and detrimental removal of a portion of the gross revenues for Cotton Farm Village" during that period. Id. at 16. The court also awarded David $15,000 in accounting fees. Marshall appealed that order to the New Hampshire Supreme Court, which affirmed the trial court's finding that David held a ten percent interest in

3

C.F.V., but remanded the matter to the trial court for recalculation of his damages and revaluation of his ten percent interest in C.F.V.  Decker v. Decker, 139 N.H. 588 (1995).

On remand, the trial court determined that plaintiff's ten percent share of C.F.V. for the years at issue was valued at $100,000, which was then offset by $38,461 in payments made by C.F.V. on a loan for which David was liable.  Accordingly, the trial court entered judgment in favor of David in the amount of $61,539 and ordered a yearly accounting of the profits generated by C.F.V.  The record suggests that Marshall appealed that judgment to the New Hampshire Supreme Court, which apparently denied his appeal.

## III. Discussion

In this suit, Marshall asserts that David, David's former law firm (Decker, Fitzgerald & Sessler, P.A.), and the accountant retained by David, Duncan Farmer, engaged in malicious prosecution and abuse of process by bringing the state court suit against him based on false information and perjured testimony. Paragraph 69 of plaintiff's complaint, which is the subject of the pending motion to dismiss, alleges that "the defendant conspired with other defendants to commit perjury with respect to the subject litigation," in a successful effort to obtain the substantial monetary judgment awarded by the Superior Court. Defendant moves to dismiss on ground that the facts alleged in

4

the complaint do not state an actionable claim under the governing law of New Hampshire.

"A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987). In New Hampshire, there is no recognized civil action based solely on conspiracy. See Langley v. Langley, 84 N.H. 515, 516 (1931)(citing Stevens v. Rowe, 59 N.H. 578, 579 (1880)). It is the wrong actually done to the plaintiff, and not the conspiracy to commit that wrong, that is the foundation of the action. See Langley, 84 N.H. at 516 (citing Fitzhugh v. Railway, 80 N.H. 185, 189 (1921)); see also Stevens, 59 N.H. at 579 (1880). Consequently, to state a viable claim, a plaintiff in a civil conspiracy action must allege some damages or injury resulting from the alleged conspiracy. See id.

Moreover, under New Hampshire law, the defeated party in a previous lawsuit cannot maintain a civil action against a witness for allegedly giving false testimony in favor of his opponent, unless and until the underlying civil judgment is overturned or reversed. See Stevens, 59 N.H. at 579. See also Sweeney v. Young, 82 N.H. 159, 166 (1925) ("It is held that conduct in bringing about a judgment is not actionable while the judgment is in force. This is not only the rule in cases of malicious

prosecution, but also in other cases where the conduct is inherently wrongful.") (citations omitted).

Under circumstances such as those presented here, there can be no civil action for conspiracy to commit perjury, because the merits of that action "can not in general be tried without at the same time trying the merits of an action which has already been settled in the due course of law." Curtis v. Fairbanks, 16 N.H. 542, 544 (1845). A judgment on a question once fairly submitted, in final form, is in effect and may not be challenged or raised again by a party in a separate proceeding. See id. at 545. So, as the losing party in state court litigation, plaintiff cannot assert that the state court judgment was either unjust or obtained through fraud as the grounds for recovering damages in this action, so long as the underlying state court judgment remains in force. See Lyford v. Demerritt, 32 N.H. 234, 237-38 (1855) ("Where a verdict and judgment have been recovered against a party to a suit, he cannot, while such judgment is unreversed, maintain an action against another party jointly with others, upon an allegation that said verdict was unjust and false, and was procured by them through fraud and perjury, under a conspiracy to effect that purpose." ) (citation omitted). Under those circumstances, a party's appropriate remedy is an equitable proceeding to set aside the judgment, or a petition for a new trial. See Stevens, 59 N.H. at 579.

6

Here, in light of the governing law of New Hampshire, the facts alleging conspiracy to commit perjury fall short of stating an actionable claim. The underlying dispute involves the calculation of David's interest in C.F.V. That issue was fully and finally decided by the state court, and Marshall was ordered to pay his brother, David, the specified amount found to be due. Nevertheless, Marshall has attempted to launch a form of collateral attack on the state court judgment, claiming that he is entitled to recover damages (presumably measured, at least in part, by the amount the state court ordered him to pay his brother) on the theory that David and the accountant conspired to bring about an unjust judgment by giving false testimony in the state court proceeding. To prove his claim, plaintiff seeks to relitigate the very issue that was previously decided by the state court between the same parties, namely the method adopted by the state court for calculating the value of David's interest in C.F.V. and the amount of money which he is properly owed. In short, plaintiff seeks to collaterally attack the validity of the state court's judgment ordering him to pay his brother $61,539. "This, on well-settled principles, he cannot be permitted to do." Lyford, 32 N.H. at 237. Plaintiff's proper recourse is to the state Superior or Supreme Court.

## IV. Conclusion

Given the summary facts alleged, plaintiff does not state a cause of action upon which he may recover. Accordingly,

7

defendant's motion to dismiss plaintiff's conspiracy claim

(paragraph 69 of the complaint) is granted (document no. 29).


        **SO ORDERED.**


                                            _____
                                            Steven J. McAuliffe
                                            United States District Judge

September 11, 1997

cc:   Marshal N. Decker
       David R. Decker
       Jeffrey B. Osburn, Esq.
       David H. Bownes, Esq.
       James C. Wheat, Esq.