(Nos. 2220, 2229, 2230.   Oct. 16, 1919.)

## MIERA et al. v. AKERS et al.

### SYLLABUS BY THE COURT.

1.   When an instrument purporting to be a will has been declared invalid by the probate court, the district court has jurisdiction to hear and determine its validity after the record of the probate court has been regularly transmitted to it.
P. 511

2.   The action of the probate court in probating a will may be reviewed under sections 1439 and 5881, Code 1915, either by contest in the probate court or by appeal to the district court.                              P. 511

3.   Section 1438, Code 1915, construed, and **held** that the record on appeal from the probate to district court is sufficient if properly certified, and the record of the proceedings at the trial in the probate court need not be made a part of the record by bill of exceptions.          P. 512

4.   Section 1439, Code 1915, construed, and **held** that there are no formal parties to a cause in the probate court wherein a will is offered for probate, and that the word "party" in the statute means "person" aggrieved. **Held**, further, that the widow of the deceased is an aggrieved party within the meaning of the statute.          P. 512

5.   Upon appeal from the probate court to the district court from an order or judgment admitting or denying the probate of a will, the cause is tried "de novo."          P. 513

6. The action of the trial court in ordering the removal of appellants as executors **held** immaterial under the circumstances.                                                   P..513

7. The appointment of an administrator with the will annexed is void, when the persons named in the will, competent to act, are appointed and accept the trust.          ·P. 513

Appeal from District Court, Sandoval County; Raynolds, Judge.

A purported will of Epimenic A. Miera, deceased, · dated August 19, 1916, was filed for probate, and another purported will, dated July 16, 1916, was filed for probate by Venceslao Miera, and after hearing the probate court admitted the will of July 16, 1916, to probate, and decreed that the will of August 19, 1916, was invalid, and issued letters to John W. Akers and Venceslao· S. Miera as executors and ordered that the will, the opinion of the court, and the record in the August, 1916, will case, be transmitted to district court, and the widow, Merejilda de Miera, appealed from the order· and from an order appointing Ross Merritt as third executor or as administrator of the estate, and Elisea Montoya appealed from the order admitting the July, 1916, will to probate, and the widow began an action in the district· court to have the three executors of the estate removed, and· this case and the three appeal cases were consolidated for trial in the district court, and heard with the cause certified by the probate court, and judgments were rendered that the July, 1916, will was invalid, that the August, 1916, will was valid, and that the executors were guilty of neglect of duty, and from such judgments John W. Akers, Venceslao S. Miera and others perfected appeals. Judgments affirmed.

A. B. RENEHAN and CARL H. GILBERT, both of Santa Fe, for appellants.

BARTH & MABRY, of Albuquerque, MARCOS C. DE BACA, of Bernalillo and FELIX BACA, of Albuquerque, for appellees.

### OPINION OF THE COURT

PARKER, C. J. Epimenio A. Miera died in Sandoval county on October 9, 1916, possessed of certain real and personal property. Ten days after his death an instrument purporting to be his last will and testament, dated August 19, 1916, was filed for probate in the office of the clerk of the probate court. On November 25, 1916, another instrument, purporting to be his last will and testament, dated July 6, 1916, was filed for probate by Venceslao Miera in said court.

Hearings were had in the probate court with respect to both of said instruments, and on January 6, 1917, the probate court admitted the July, 1916, will to probate; decreed that the August, 1916, will was invalid; issued letters to John W. Akers and Venceslao S. Miera, as executors of said estate, and ordered that the will, the opinion of the court, and the record in the August, 1916, will case be transmitted to the district court in conformity to the statute in such cases made and provided.

Merejilda G. de Miera, the widow of the deceased, appealed from the order admitting to probate the July, 1916, will, as well as from another order made by said court appointing one Ross Merritt as a third executor or as an administrator of said estate. Elisea Montoya, named as a legatee and devisee in the August, 1916, will, also appealed from the order probating the July, 1916, will . The widow, on August 13, 1917, instituted an action in the district court for Sandoval county, by which she sought to have the three executors of the estate removed from office on the ground of neglect of duty by them. This cause was docketed in the district court as No. 481. The three appeal cases and cause numbered 481 were consolidated for trial in the district court, and heard with the cause certified to the district court by the probate court and involving the order of the last named court holding invalid the will dated August 19, 1916. Judgments were rendered by the district court holding, in substance and effect, that the will of July 6, 1916, was fabricated by Venceslao S. Miera

after the death of Epimenio A. Miera; that the July will was invalid; that the August will was in all respects valid; and that the executors had been guilty of neglect of duty. From such judgments John W. Akers, Venceslao S. Miera, Onofre Akers, and Estefana Wagner have perfected appeals to this court.

[1] The appellants' counsel challenge the right of the district court to make any order or enter any judgment with respect to the August will on the ground that no appeal was taken by the widow or Elisea Montoya from the action of the probate court in denying the probate of that will. In this jurisdiction the Legislature has wisely seen fit to cause to be reviewed by district courts any order or judgment of a probate court declaring invalid the last will and testament of any person, and this is true whether the decision of the court be made in a contest before it or in an original proceeding before it to probate a will. Sections 5879 and 5883, Code 1915. In the cases at bar, the record discloses that the probate court ordered the record in the August will case to be transmitted to the district court, and that the record was transmitted to and received by that court. Eliminating the proposition as to the sufficiency of the record, there can be no doubt but that the district court was authorized to hear and determine the proposition as to the validity of the August will. It obtained this right of jurisdiction and review, not by virtue of an appeal by any aggrieved party, but by operation of the law.

[2] Appellants contend that the court was without jurisdiction in the matter of the July will. The argument first made is that to acquire jurisdiction the statute must be strictly followed, and that an order admitting to probate a certain will is not a final judgment from which an appeal was allowable at the time the proceedings in this case were had.

Where an order has been made probating a will the action of the probate court in the premises, under our

statutes, may be reviewed by two distinct and separate methods, viz. by way of contest in the court in which the will was admittted to probate (section 5881, Code 1915), providing the contest be initiated within one year after such probate, and by an appeal to the district court. Section 1439, Code 1915, as construed in Teopfer v. Kaeufer, 12 N. M. 372, 379, 78 Pac. 53, 67 L. R. A. 315. The fact that no contest was initiated in the probate court with respect to the July will is immaterial, for the widow and any other interested party was free to pursue the remedy by appeal without initiating any contest before the probate court.

[3] The appeal, however, is attacked upon the ground that the record of the proceedings of the trial in the probate court was not settled and signed and made a part of the record on appeal to the district court by way of bill of exceptions. The argument is based upon that part of section 1438, Code 1915, providing that appeals to the district court from the probate court must be had ''subject to the same restrictions as in case of appeals from the district to the Supreme Court.'' Counsel assumes that consequently the record of proceedings can come before the district court only when the same is settled and signed as a bill of exceptions, although the proceeding in the probate court constituted a nonjury case and the statute (section 4493, Code 1915, the section in force at the time the appeal was taken and perfected) authorizes the testimony and all motions, orders, or decisions made or entered in the progress of the trial to become a part of the record by certificate rather than by way of bill of exception. The record of the probate court was certified by its clerk to the clerk of the district court, upon order of the probate court, and that is sufficient under the statute; the transcript of testimony having been verified by certificate of the official stenographer.

[4] Counsel for appellant also assert that the statute only permits ''parties'' to the cause to appeal, and

argues that neither the widow of the deceased, or Elisea Montoya, were "parties" to the cause in the probate court. The statute does use the word "party," but it does not mean a formal party, because there are no formal parties to such a cause in the probate court. We hold that any aggrieved person may appeal to the district court under section 1439, Code 1915, and that both the widow and Elisea Montoya under the circumstances were aggrieved parties.

[5] In Teopfer v. Kaeufer, 12 N. M. 372, 379, 78 Pac. 53, 54 (67 L. R. A. 315), cited supra, it was said that after the record is sent up "the whole matter was before the district court for a trial de novo" which answers appellant's contention that the court should not have tried the case de novo.

[6] There is substantial evidence to support the finding of the court that the July will was fabricated after the death of Epimenio A. Miera, as well as to support the finding that the August will was valid in all respects. That being so, it follows that John W. Akers, Venceslao S. Miera, and Ross Merritt are without right to administer the said estate. Upon that premise the action of the court in removing them as executors is rendered immaterial. The right of Akers and V. S. Miera to administer the estate depended upon the validity of the July will under which they claimed the right, and in which they were nominated as executors; and, that will having been declared spurious, their rights in that respect end.

[7] The persons named as executors in the July will were competent to act as such and the appointment by the probate court of Ross Merritt as the third executor or as an administrator with the will annexed was without the sanction of the law. Consequently he also is without right to urge the proposition here that the court was without right to remove him. It might also be stated that he does not appear in the record as an appellant before this court, and that he is not urging

the proposition, but that the appellants of record are attempting to do it for him.

In conclusion, we might add that it is not entirely clear as to when a judgment of removal of an executor or administrator of an estate rendered under the provisions of section 2241, Code 1915, should be sustained. The section authorizes an action in the district court for the purpose of having an executor or administrator removed who, among other things, has been ''unfaithful to or neglected his trust, to the probable loss of the applicant.'' The executors in the case at bar executed their bond in a sum which we assume was sufficient to make good to the widow any loss she may have sustained by the unfaithfulness and neglect of duty of the executors. Under such circumstances, the question recurs as to whether the widow could be said to have been subjected to ''probable loss.'' We have found no legal definition of those words. We shall not discuss the subject further, however, because a decision of the proposition is unnecessary to the disposition of this case. For the reasons mentioned, the judgments of the trial court will be affirmed; and it is so ordered.

ROBERTS, J., and HOLLOMAN, District Judge, concur.