Strafford, {
Jan. 6, 1931. {

EDWARD I. LANGLEY & a. v. CHARLES S. LANGLEY & a.

*Frank J. Spofford* (of Massachusetts), *Ernest L. Guptill* and *Batchelder & Wheeler*, for the plaintiffs.

*Mathews & Varney*, for the defendants.

MARBLE, J.   "Great confusion would follow if, after proof of a will, license to sell in the probate court, assignment to children, and

partition, among the devisees, of the residue, it was still competent for anyone who might be dissatisfied, to try an issue *devisavit vel non* in a suit at common law." *Poplin* v. *Hawke*, 8 N. H. 124, 127.

A decree admitting a will to probate determines conclusively that such will was not induced by fraud or undue influence. *Glover* v. *Baker*, 76 N. H. 393, 401. And the issue thus adjudicated is not removed from the operation of the rule of *res adjudicata* by "an allegation that several conspired to unduly influence" the testator. *Teckenbrock* v. *McLaughlin*, 246 Mo. 711, 721. "There is no such thing in this state as a civil action based upon conspiracy alone. *Stevens* v. *Rowe*, 59 N. H. 578. The ground for recovery is found in the acts done, not in the plans made." *Fitzhugh* v. *Railway*, 80 N. H. 185, 189.

The decree of a probate court is in the nature of a proceeding *in rem* (*Starkey* v. *Kingsley*, 69 N. H. 293, 294), and like a common-law judgment cannot be impeached collaterally except for lack of jurisdiction. *Scammon* v. *Pearson*, 79 N. H. 213; *Stearns* v. *Wright*, 51 N. H. 600, 609, and cases cited.

The plaintiffs do not claim that they were unaware of the probate of the will, or that all jurisdictional formalities were not complied with. Notice to legatees under P. L., *c.* 298, *s.* 15, which is not required until after the executor's appointment, is clearly not a jurisdictional requirement. Moreover, there is no suggestion that the plaintiffs were in any way prejudiced by the alleged failure of the executor to give this notice. See *Davis* v. *Smith*, 58 N. H. 16.

The only fraud alleged, beside that in procuring the execution of the will, comprises that of the executor in failing to give the notice, and that of the executor and the defendant McDonald in connection with the inventory. If the plaintiffs were aggrieved by these acts, their remedy was "an application to the probate court." *Reed* v. *Prescott*, 70 N. H. 88.

Since proof of damage is essential to the maintenance of an action for conspiracy (*Stevens* v. *Rowe*, 59 N. H. 578), the plaintiffs cannot complain of any conveyances made by the testator in his lifetime unless such conveyances have lessened their inheritance. They allege that the purpose of the will "was to cut off" that inheritance. The probate of the will stands as a valid unimpeachable judgment. Consequently their legal rights have not been infringed. *Ross* v. *Lawrence*, 193 Ia. 47, 51.

*Exception overruled.*

All concurred.