16 P.(2d) 549

## In re RIEDLINGER'S WILL.

### No. 3671.

Supreme Court of New Mexico.

Nov. 26, 1932.

Rehearing Denied Dec. 17, 1932.

Frank H. Patton, of Silver City, for appellants.

W. B. Walton and R. M. Wiley, both of Silver City, for appellee.

WATSON, J.

This is an appeal from the judgment of the district court sustaining a will and admitting it to probate.

The matter reached the district court by appeal from a similar decision of the probate court taken by certain heirs at law, the present appellants, who appeared at the hearing, evidently as objectors to the probate of the will.

The district judge overruled a demand of the objectors or contestants for a trial by jury. That action is here assigned as error. It presents a question of statutory construction.

The probate court has exclusive jurisdiction of the probate of wills. 1929 Comp. St. § 34-412. Its decisions are appealable to the district court. Id. § 34-420. If, on the hearing for proving the will, the probate judge "shall be of the opinion that the will is not valid," he is to certify such opinion with the proceedings to the district court. There the matter is to "stand for hearing de novo * * * the same as on appeal, but either party, on demand therefor, shall have the right to a trial by jury on such appeal." Id. § 154-209. Interested persons may contest the will

and pray revocation of probate at any time within one year after such probate. Id. § 154-211. If, on contest, the "probate judge shall be of the opinion that the probate should be revoked," he is to certify that opinion, with the proceedings, to the district court, and the same proceedings are to be had as when such opinion is arrived at by the probate judge on application to probate the will. Id. § 154-213.

The provisions just referred to are respectively sections 48, 46, 11, 13, and 15 of the Laws of 1889, c. 90. They provide for a trial de novo in the district court of any decision of the probate judge as to admission to probate and revocation of probate. But, where the "opinion" of the probate judge is unfavorable to the will, the jurisdiction of the district court does not arise through an appeal in the ordinary sense of the word. It is an automatic statutory transfer of the jurisdiction, the law refusing to give effect to the adverse opinion of a probate judge. Appellee's position is that it is in that class of cases only that either party may demand a jury. If sustained, it would support the trial court's ruling.

It is true that the language of section 154-209, supra, does not necessarily confer the right upon interested persons in the situation of appellants, who, having objected to the original admission to probate, have appealed from an adverse judgment.

On the other hand, the language does not clearly exclude the right in cases like this. The section wherein the right is conferred (section 154-209) is not dealing with true appeals. But, the same result is accomplished, the only difference being in the method. Jurisdiction having been acquired by the district court, the matter stands "as on appeal." The subsequent phrase, "such appeal," may find its antecedent in appeals generally, or in the quasi appeal or removal prescribed in that section.

We may admit that, considering nicety of language and arrangement, appellee has the better of the argument. But, nothing presented or occurring to us suggests the appropriateness, wisdom, or sound policy of distinguishing, as to the right of trial by jury, between these quasi appeals, and ordinary appeals. In the one case, the matter stands "as on appeal"; in the other, it stands on appeal. Always the trial is de novo. The favorable or unfavorable "opinion" of the probate judge cannot affect the result in the district court. It has exactly the same question before it in either case, the validity of the will.

If the right of trial by jury is of value to either party in the one situation, it will be equally so in the other. The winning or losing of the skirmish in the probate court has no reasonable connection with a right to a jury in the battle in district court.

The Legislature has denied effect to the "opinion" of a probate judge adverse to a will; though his favorable opinion, unchallenged by an interested person, may stand. That distinction is plain. Among other reasonable explanations of it, it may be said to suggest a policy somewhat favoring wills.

But, there is nothing in the distinction appellee urges to further such policy. The right, whatever it may be, is reciprocal. Either party may claim it.

The logic of the situation constrains us to hold that, in all of these cases in the district courts wherein the purpose is to procure or to revoke the probate of a will, the right of trial by jury has been granted, at the request of either party. The legislative language, while somewhat unfavorable to this view, does not exclude it. To hold that the intention was otherwise is to impute to the lawmaking body an arbitrary distinction, serving no purpose, advancing no interest or policy, and resulting in a degree of absurdity. So we conclude that it was error to deny appellants the right of trial by jury.

■■ In the district court there was a difference between counsel as to whether the evidence showed the attesting witnesses to have seen the testator sign the will. On this point the court found favorably to appellee. He did not and does not, however, stand solely upon the findings. He contends that they are unessential because, as he urges, Code 1915, § 5866 (1929 Comp. St. § 154-108), containing such requirement, was repealed by implication by Laws 1921, c. 83. The learned trial judge evidently took that view. The matter might give further trouble in this case if not decided now.

The latest expression of the Legislature as to attestation is: "All wills * * * shall be * * * attested in the presence of the testator by two or more credible witnesses."

Laws 1921, c. 83, 1929 Comp. St. § 154-105. Theretofore, "the witnesses * * * must * * * see the testator sign the will. * * *" The question is whether the Legislature has abolished the earlier requirement. Not having done so expressly, it can have done so only by implication. What we seek is the legislative intent. Canons of construction may aid but cannot control decision.

Appellants urge the well-known rule that repeals by implication are not favored, that a later statute will be deemed to repeal an earlier by implication only to the extent of repugnancy, and that if the provisions of the two can be harmonized, both must be given effect.

Obviously, there is no inconsistency between the requirement of the later provision that the will be attested by two witnesses in the presence of the testator, and the earlier requirement that the witnesses see the testator sign. They govern different matters.

Appellee urges the equally familiar rule that if the new statute is comprehensive, and intended to exhaust the subject, earlier provisions will be deemed repealed. Coming to particulars, his contention is that the new statute deals comprehensively with the subject-matter expressed in its title, "An Act to Prescribe the Manner of Making and Attesting Wills. * * *"

This subject-matter was covered by the following sections of the Code of 1915:

"§ 5858. Any will executed in any foreign jurisdiction, sufficient to convey the title or

[of] real estate in such jurisdiction, shall be valid in this State to the same extent as in the jurisdiction where made." 1929 Comp. St. § 154-102.

"§ 5861. Any person capable of making a will would do better by making it in writing than verbally, but a verbal will may be valid, on condition, that in either case they give it all the validity possible, as well as the freeness of the will, the proof of soundness of mind and entire judgment."

"§ 5862. The will shall have all the validity required in the previous section; and when made in writing, it shall be signed by the testator, who, if unable or not knowing how to sign, shall request some reliable person to sign for him, and it shall be attested by able and qualified witnesses as provided by the laws prescribing the qualifications of witnesses to give evidence in court or out of court, in this State."

"§ 5863. In the execution of all wills two or more witnesses shall be sufficient." 1929 Comp. St. § 154-106.

"§ 5864. A verbal will shall be attested by the same number of witnesses required for the written ones, and besides, two witnesses, there being no more, possessing the same qualifications as required for the written will, to testify that the testator, male or female, was in possession of a sound mind and entire judgment."

"§ 5865. Persons becoming heirs, and those receiving benefits or legacies, by will, cannot be witnesses to the will in which they are interested." 1929 Comp. St. § 154-107.

"§ 5866. The witnesses to a written will must be present, see the testator sign the will, or some one sign it for him at his request as and for his last will and testament, and must sign as witnesses at his request in his presence and in the presence of each other." 1929 Comp. St. § 154-108.

These sections may be traced to the Act approved January 12, 1852, found, with the English translation, in Laws 1851–52, p. 354, and to Laws 1889, c. 90. The new statute (Laws 1921, c. 83), which appellee urges as comprehensive, reads as follows:

"An Act to Prescribe the Manner of Making and Attesting Wills; and to Repeal Sections 5861, 5862 and 5864, New Mexico Statutes, Annotated, Codification 1915, Relative to Oral Wills.

"Section 1. All wills by which any property, real, personal or mixed, is devised or bequeathed, shall be reduced to writing and signed by the testator, or some one in his presence and by his direction, and attested in the presence of the testator by two or more credible witnesses. Provided, however, that any will which has been admitted to probate in any other State according to the laws of such State, shall be admitted in this State in the manner provided by law.

"Sections 5861, 5862 and 5864, New Mexico Statutes, Annotated, Codification 1915, are hereby repealed."

What we conceive to have been the main purpose of this act is very plain. It expressly repeals three of the foregoing sections which recognized the validity of so-called verbal wills. These were replaced by the new requirement that "all wills * * * be reduced to writing and signed by the testator."

Another good reason for the repeal of these particular sections existed and may have had influence. Originally adopted in Spanish, the translations were not happy, and the English version was involved and confusing.

So far as the Legislature has expressly spoken there remain four of the foregoing sections which bear upon the general subject of making and attesting wills. We would have been spared labor if those four had been either wiped out by express repeal and re-enactment of what it was desired to retain, or left alone, without inclusion of any of their subject-matter in the new act.

It is the overlapping of the new and the old which raises doubt. The substance of sections 5858 and 5863 was incorporated in the new statute. That presents no difficulty except that it suggests, or is consistent with, intent to make the new act comprehensive.

The subject-matter of section 5865 finds no place in the new act. This is true also as to section 5866, except for a repetition in the new act of the old requirement that the witnesses sign in the presence of the testator.

According to appellee's construction, important and customary safeguards have been abandoned. He argues that the requirement that the witnesses see the testator sign is unusual, and that the Legislature intended to dispense with it. It is usual, however, to require that the witnesses sign at the testator's request, in the testator's presence, and in the presence of each other, and that there be some publication to the witnesses by the testator that the instrument is his will. The intent to dispense with all of these is not readily to be implied. The resulting system would be very loose.

Moreover, appellee's argument, though not his contention, would necessitate holding section 5865, also repealed. It is not lightly to be inferred that so important a provision was intentionally repealed without something to replace it. "Considerations of convenience, justice and reasonableness, when they can be invoked against the implication of repeal, are always very potent." Lewis' Sutherland, Stat. Const. (2d Ed.) § 247.

How much of former requirements said to have been repealed could be held included in the new requirements that the witnesses "attest," and that they be "credible," are questions we do not pursue. At least, the statute would raise difficult questions of construction.

Appellee suggests that if the Legislature did not intend the new act to be comprehensive, it has "set a trap for unsuspecting testators." Statute law contains many traps. It is not easy to foresee all consequences of proposed legislation. The argument might properly be addressed to the Legislature, to induce it to try its hand again. It cannot

greatly influence our conclusion as to the intent here disclosed.

Appellee relies largely on the title of chapter 83 to support his view that it was intended to be comprehensive, and the sole regulation as to the attestation of wills. We doubt if great weight should be given to it. A learned court has said: "While the title of an act should not be altogether ignored, and may afford a key to unlock the meaning of a very doubtful statute, yet the title of an act cannot be used to extend the provisions of an act so as to include within its scope that which without such aid would plainly not be included." The New York (C. C. A.) 108 F. 102, 109. The text most often relied upon cites this case to the proposition, "the repealing effect of an act cannot be enlarged by its title." Lewis' Sutherland, Stat. Const. (2d Ed.) § 266.

Aside from this title, no intent is disclosed to reconsider and revise the general subject —an intent which might easily have been made plain. The evidence of the act itself is to the contrary. As to the main accomplishment, abolishing oral wills, it leaves no doubt, expressly repealing everything in existing law repugnant to it. Beyond this no new policy is disclosed. Everything else embodied in the act was already provided for in the sections left unrepealed. These facts, with the facts that a special repealer was used and no general repealer of inconsistent provisions employed, point as strongly to lack of intent to make the act comprehensive, as the broad title and the unnecessary inclusion of a few provisions amounting to restatement or reenactment of existing law, point to a contrary intent.

The evidence appearing on the face of the act as compared with the then existing law being equally balanced, our conclusion would be against a repeal by implication, since the intent to repeal must clearly appear. Considering the results which would follow, we are quite persuaded that no repeal by implication was contemplated.

The judgment is reversed. The cause will be remanded with a direction to grant appellants a trial by jury. It is so ordered.

BICKLEY, C. J., and SADLER and HUDSPETH, JJ., concur.

NEAL, J., did not participate.