138 P.2d 1001

In re TOWNDROW'S WILL.

No. 4731.

Supreme Court of New Mexico.
May 22, 1943.

Rehearing Denied June 30, 1943.

Hugo Seaberg, of Raton, for contestants.

Wilson & Wright, of Raton, for contestees.

BRICE, Justice.

This proceeding was brought to contest the probated will of Emma F. Towndrow, deceased, under Sec. 32-212, New Mexico Statutes, 1941, which is as follows: "Contest of probate.—When a will has been approved, any person interested may at any time within six (6) months after such probate, contest the same or the validity of the will. For that purpose he shall file in the court in which the will was proved, a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked."

From an adverse judgment petitioners have appealed.

No evidence was introduced and the cause was tried upon the undenied allegations in the petition and answer. From these pleadings, and admissions in the briefs, we deduce the following admitted facts:

Emma F. Towndrow died in Colfax County, New Mexico, in May, 1940, leaving an estate consisting of real and personal property. Her husband, Arthur Towndrow, predeceased her. Neither of them left issue, and their respective parents predeceased them.

Arthur Towndrow had nine brothers and sisters, of whom two brothers are dead, leaving children. Five of his brothers and sisters are petitioners in this contest proceeding. The heirs at law of Arthur Towndrow consisted of his seven living brothers and sisters and ten nephews and nieces, who are children of his deceased brothers. His living brothers and sisters and a nephew and a niece are residents of Colfax County, New Mexico, and eight nephews and nieces are residents of the states of New York and Connecticut. There are, therefore, eighteen living persons who were heirs at law of Arthur Towndrow and who, it is claimed by contestants, are heirs at law of Emma F. Towndrow, deceased. They will be referred to herein as the Towndrow heirs.

During the marriage of Arthur Towndrow and Emma F. Towndrow, they accumulated community property, and upon the death of Arthur Towndrow intestate, Emma F. Towndrow (they having no children) succeeded, as his widow, to the ownership of their community property, by virtue of the descent and distribution statutes of this state. The property which was devised and bequeathed in the probated will of Emma F. Towndrow was substantially the same property which was owned in community by her and her husband during his lifetime.

The will in question was duly filed for probate in the probate court of Colfax County, as provided by Sec. 32-202, N.M. Statutes, 1941, which is as follows: "Probate judges, in their respective counties, are authorized to probate wills, by receiving the evidence of the witnesses, who were present at the time of making the same, and all other facts in relation to the investigation of the validity thereof."

A day was fixed for the probating of the will as required by Sec. 32-203, N.M. Statutes, 1941, which is as follows: "After the will is produced and read, the probate judge or county clerk shall ascertain from the will, and by the affidavit of the person producing the same and any other satisfactory evidence that may be obtained, the names and residences of the widow or husband or heirs-at-law of the decedent, who of such are minors, and the names and residences of their guardians, if any, and shall thereupon fix a day for proving the will, which day shall be during a term of the probate court and may be postponed from time to time, in the discretion of the court."

None of said Towndrow heirs was personally served with notice of the hearing at which the alleged will of Emma F. Towndrow was probated, nor was such notice mailed to any of them, though none of them waived service of notice or entered his appearance in the proceeding to probate said will, or was present at the hearing thereof in person or by attorney.

The county clerk, however, issued and published a notice of such hearing, as provided by Sec. 32-204, N.M. Statutes, 1941, (old trial court rule 154-204), which is as follows: "The county clerk shall issue a notice of the time thus fixed, signed by himself under the seal of the probate court, said notice being entitled 'Last Will and Testament of ———' (giving name of the decedent,) and being addressed 'To Whom It May Concern,' which notice shall be personally served upon the heirs-at-law, the guardians of any such heirs who are minors, * * * so far as they are resident within the state, at least ten days before the day of hearing. Such notice shall also be published in some newspaper published in the county, if there be one, once a week for four consecutive weeks, the last publication of which shall be at least three days before the time fixed for such hearing. * * *"

After the publication of notice of the day fixed for probating the will, the proceeding was removed to the District Court of Colfax County as authorized by Secs. 16-419 and 16-420, N.M. Statutes, 1941, and thereafter the District Court assumed jurisdiction of the entire proceeding, and entered its order admitting the will in suit to probate, and denied the probate of a prior will.

In this state there are two separate and distinct methods provided for reviewing the action of the probate court in admitting a will to probate, in each of which

the will and its probate may be contested. The first is by an appeal or transfer of the proceedings from the probate court to the district court, and the second by the statutory proceeding for the contest of wills. Miera v. Akers, 25 N.M. 508, 184 P. 817.

The appellants have resorted to the latter method. Numerous grounds of contest were alleged in the petition, but all were abandoned except one questioning the jurisdiction of the district court to enter the order of probate, in that statutory notice had not been served upon or mailed to certain of the Towndrow heirs.

The basis of this assertion was the failure to have personally served, notice of the proceedings to probate the will upon the resident Towndrow heirs, as required by Sec. 32-204, N.M. Statutes, 1941, supra; and by the alleged failure to mail a copy of the notice to each of the non-resident Towndrow heirs, as required by Sec. 32-206, N. M. Statutes, 1941, which is as follows: "If it shall appear from the affidavit of the person producing the will for probate or otherwise from the files in said proceeding that any of the interested parties are nonresidents of the State of New Mexico, a copy of such notice of probate shall be mailed to each of those whose residence is shown in such affidavit or can be otherwise ascertained from the files in such proceeding, at least ten days before the date of hearing. * * *"

The Towndrow heirs as a class are heirs-at-law of Emma F. Towndrow, deceased, and in the absence of testamentary disposition inherit one-half of the property in question, by virtue of Sec. 31-116, N. M. Statutes, 1941, which is. as follows: "If a deceased person is a widow, or widower, and leaves no issue, and the estate, or any portion thereof, was community property of such decedent and his or her deceased spouse, while such spouse was living, such property goes in equal shares to the children of such deceased spouse and to the descendants of such children by right of representation, and if none, then one-half of such community property goes to. the father and mother of such decedent in equal shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brothers and sisters of such decedent and to the descendants of any deceased brother or sister by right of representation, and the other half goes to the father and mother of such deceased spouse in equal shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brothers and sisters of such deceased spouse and to the descendants of any deceased brother or sister by right of representation * * *."

In re Morrow's Will, 41 N.M. 723, 73 P.2d 1360; Harlan v. Sparks, 10 Cir., 125 F.2d 502.

Heirs-at-law of a deceased person are those who, in the absence of testamentary disposition, succeed to his estate of inheritance under the statutes of descent and distribution. Connertin v. Concannon, 122 Or. 387, 259 P. 290; Abrahams v.

Abrahams, 219 Ala. 533, 122 So. 625; Albright v. Albright, 116 Ohio St. 668, 157 N.E. 760. The phrase does not necessarily mean heirs at common law, (In re Aspden's Estate, 2 Fed.Cas. 37, Cas. No. 589) which meant those persons who succeed to a deceased person's real estate in case of his intestacy.

 The affidavits and files of the probate court in the proceeding to probate the will are not in evidence, and we are therefore unable to say that the names of any of the Towndrow heirs-at-law who were non-residents of this State are shown by the affidavit of the person producing the will, or appear in the files in that proceeding. If their names do not appear, only the published notice is required by the statute. It will be presumed in support of the judgment that the names of the non-resident heirs-at-law do not appear in the affidavit, and that they could not be ascertained from the files in the probate proceeding. Murray et al. v. Superior Court, 207 Cal. 381, 278 P. 1033.

The published notice, addressed "To Whom It May Concern", complied with the statute, assuming as we must, that the names of the non-resident heirs did not appear in the affidavit or files of the probate proceeding.

The statute (Sec. 32-204 supra), however, provides that notice "shall be personally served upon the heirs at law * * * so far as they are resident within the state, at least ten days before the day of hearing". It is admitted that such notice was not personally served upon a number of the Towndrow heirs who lived in Colfax County.

The effect of the failure to give notice depends upon the statute (or the construction of the statute) which requires notice. In a number of jurisdictions it is held that notice is jurisdictional. In re Wright's Will, 224 N.Y. 293, 120 N.E. 725; Coleman v. Hagerty (Hagerty's Will), 45 Nev. 145, 199 P. 81; Bailey v. Gates, 52 Nev. 432, 290 P. 411; In re Charlebois, 6 Mont. 373, 12 P. 775; Carter v. Frahm, 31 S.D. 379, 141 N.W. 370; In re Dunphy's Will, 60 Colo. 196, 153 P. 89; Young v. Guella, 67 Ohio App. 11, 35 N.E.2d 997; Steele v. Caldwell, Tex.Civ.App., 158 S.W.2d 867; Feuchter v. Keyl, 48 Ohio St. 357, 27 N.E. 860; Pratt v. Halley, 297 Ill. 244, 130 N.E. 793.

But the holding in these cases that the service of notice was a jurisdictional requirement, was because the respective statutes made it so. The Nevada statute provides that upon proof being made that notice had been given as required by law, the court shall proceed to hear the testimony in proof of the will. Coleman v. Hagerty (Hagerty's Will), supra. The Montana statute provides that at the time appointed for the hearing the court must require proof that the notice of hearing has been given, which being made, the court must hear the testimony in proof of the will. In re Estate of Charlebois, supra. The South Dakota statute provides that the court, on proof that notice had been given, should hear the parties and order

letters of administration to the one entitled thereto. Carter v. Frahm, supra (this was an administration case). The Colorado statute (Rev.St.1908, § 7086) provides that upon the day fixed in the notice for the hearing if it shall appear "that due publication of such notice hath been made as required by law, the court may proceed to hear the probate of such will". In re Dunphy's Will, supra. In Ohio the statute provides "no will shall be admitted to probate without notice to the widow or husband and next of kin of the testator, if any, resident in the state, in such manner and for such time as the probate court directs or approves". Gen.Code, Ohio 1930, § 10507. This is followed by another section which provides that unless the will has been admitted to probate as provided by the statute "no will shall be effectual to pass real or personal estate". Gen.Code Ohio, 1930, § 10541. The Texas statute provides that no application (for probate of a will) shall be acted upon until the service of citation has been made in the manner and for the length of time provided by law. Steele v. Caldwell, supra. It is said in Pratt v. Halley, supra, that the nature of the proceeding in Illinois had been changed from one in rem to one inter partes by the statute. It is assumed in In re Wright's Will, supra, by the court of appeals of New York that notice was essential to jurisdiction, but no reason for the conclusion is given.

In some jurisdictions notice is held to be a matter of grace and not one of right.

Broussard v. Hebert, 149 La. 309, 89 So. 14; Caverno v. Webb, 239 Ala. 671, 196 So. 723.

In other jurisdictions the effect of failure to give notice is held to be error, or an irregularity, or that it renders the judgment voidable as to those not served with notice, but that the judgment is not void. Rice v. Tilton, 14 Wyo. 101, 82 P. 577; Hanson v. Nygaard, 105 Minn. 30, 117 N.W. 235, 127 Am.St.Rep. 523; State ex rel. Stenzel v. Kreger, 210 Minn. 509, 299 N.W. 2; Reese v. Nolan, 99 Ala. 203, 13 So. 677; In re Barlow's Estate, 152 Minn. 249, 188 N. W. 282; Langley v. Langley, 84 N.H. 515, 153 A. 9; Heminway v. Reynolds, 98 Wis. 501, 74 N.W. 350; Street v. Crosthwait, 136 Fla. 327, 186 So. 516; Donnell v. Goss, 269 Mass. 214, 169 N.E. 150; In re Golden's Estate, 4 Cal.2d 300, 48 P.2d 962.

We find nothing in our statute that would indicate that the failure to serve the statutory notice would deprive the probate courts of jurisdiction to probate a will. We have held that such proceedings are in rem, "to which strictly there are no parties;" that the purpose is to determine whether the testator died testate or intestate, and if he died testate whether the script propounded, or any part of it is his will. In re Riedlinger's Will, 37 N.M. 18, 16 P.2d 549.

■ The purpose of notice is to apprise interested persons of the fact that a certain will in which they may be concerned has been filed for probate, so that they may, with this knowledge, pursue any

course open to them in the premises. Originally there are no parties, and no person is summonsed as a party. He is neither plaintiff nor defendant. He may ignore the notice or appear and take no part in the proceeding; or he may join with the proponents of the will or with those contesting it. He may refuse to appear in the probate court, but appeal from its decision to the district court and then contest in a trial de novo; or he may ignore the whole proceeding to probate, and thereafter contest the will and probate thereof in an independent action provided for by Sec. 32-212, N.M.Sts,1941. He may make himself a party to the probate proceedings of his own volition, but cannot be compelled to be a party.

In the English Ecclesiastical courts, which had jurisdiction of testaments and intestacies (3 Cooleys-Blackstone 97), there were two modes of proving testaments (1) "In the common form", and (2) "In the solemn form". The proceeding in common form was ex parte and without notice to any interested person; but if a will had been so proved, it could nevertheless be proved in solemn form, in which case the surviving spouse or next of kin of the deceased, to whom his goods would descend in case he died intestate, were required to be cited to be present at the probation of the testament. Witnesses were sworn and examined by the party producing them and the adverse party, and a decree was entered in which the validity or invalidity of the testament was determined. 2 Page on Wills, Perm.Ed., Sec. 565, quoting Swin-burne on Testaments and Wills, VI, Sec. 14; 2 Cooleys-Blackstone 507; Malone v. Cornelius, 34 Or. 192, 55 P. 536, In re Hodnett's Will, 65 N.J.Eq. 329, 55 A. 75.

Swinburne thus describes the difference in the two methods of proving wills in the English Courts: " * * * we may easily perceive the differences betwixt the one and the other; of which differences, I suppose this to be of the greatest moment, that in the vulgar forme, such as have interest are not cited to be present at the probation of the will, whereas observing the forme of law, they are to be cited to that end: which difference of forme worketh this diversitie of effect; namely, that the executor of the will proved in the absence of them which have interest, may be compelled to prove the same againe in due forme of law. And if the witnesses be dead in the meanetime, it may endanger the whole testament, especially if ten yeares be not past since the probation, whereby necessary solemnities are presumed to have beene observed: whereas the testament being proved in forme of law, the executor is not to be compelled to prove the same any more: and although all the witnesses afterwards be dead, the testament doth still retaine his full force."

The right to contest a testament or its probate, under the English practice, was confined to the proceeding to probate in solemn form. This right continued until barred by limitation, which, according to Swinburne, was ten years, but according to Dr. Godolphin, thirty years, after the

probate in common form. In re Hodnett's Will, supra.

■ The proceeding for probating wills and testaments in New Mexico is purely statutory. Authority is given the probate court by Sec. 32-202, N.M.Sts. 1941, supra, to probate wills, and its judgment, if not appealed from, becomes final. But if in its opinion a will is not valid, the proceeding must be transmitted to the district court for trial de novo. N.M.Sts.1941, 32-210. "If no person shall within six months (formerly one year) after the probate, contest the same or the validity of the will; or if on such contest the will is sustained, the probate of the will shall have the same effect as a final decree in Chancery." Sec. 32-220, N.M.Sts.1941. (Where this statute is mentioned as being "repealed" in In re Martinez' Will, 47 N.M. 6, 132 P.2d 422, we meant no more than to say that it was "modified" to the extent of providing six months as the period of limitation set up instead of one year.)

This proceeding is not like an ordinary suit, inter partes, in which parties must be before the court by process or appearance, in order that a valid judgment may be rendered therein. The statute confers jurisdiction upon the probate courts to probate wills and there are no parties unless by voluntary appearance some interested person should enter his appearance to contest the probate of a will. The action is in rem; the court takes jurisdiction of the script purporting to be a will. In re Roeder's Estate, 44 N.M. 429, 103 P.2d 631. The giving of notice is not a jurisdictional requirement in this state, but the statute contemplates that notice should be given. Because of the short time allowed by law for appeal or contest, the statute should be strictly followed so that the right of contest may not be lost because of the lack of notice. A judgment entered without such notice, while not void for want of jurisdiction to enter it, is nevertheless irregular and voidable and may be set aside upon direct attack by one injured thereby. Bent v. Thompson, 5 N.M. 408, 23 P. 234; Id., 138 U.S. 114, 11 S.Ct. 238, 34 L.Ed. 902; In re Stenzel's Estate, 210 Minn. 509, 299 N.W. 2. Also see the authorities last cited and the following: Linthicum v. Linthicum, 130 Md. 150, 99 A. 979; Ropar v. Ropar, 78 W.Va. 228, 88 S.E. 834; Barry v. Walker, 103 Fla. 533, 137 So. 711; Abels v. Frey, 126 Cal.App. 48, 14 P.2d 594; In re Green's Estate, 114 Okl. 283, 251 P. 1008.

■ The appellants could have raised in this proceeding every question affecting the validity of the will and its probate that would have been available to them had they appeared in the proceeding to probate the will. In fact, they did attack the will in their petition, upon a number of grounds, but abandoned all in the district court except the question of jurisdiction here decided. They had their choice of two remedies, but having selected and availed

themselves of one, the other is closed to them.

The judgment of the district court is affirmed, and

It is so ordered.

SADLER, MABRY, and BICKLEY, JJ., concur.