316 P.2d 1077

Matter of the ESTATE of Beatrice Watson
OWENS, Deceased.

Reuben OWENS, Appellant,

v.

Pauline FAUST, Appellee.

No. 6258.

Supreme Court of New Mexico.

Oct. 22, 1957.

Robert Hoath LaFollette, Albuquerque, for appellant.

Ped S. Watkins, Albuquerque, for appellee.

LUJAN, Chief Justice.

Beatrice Watson Owens died in Bernalillo County on December 2, 1953, possessed of certain real and personal property. Two days after her death an instrument purporting to be her last will and testament, dated November 21, 1953, was filed for probate in the office of the clerk of the probate court. Hearings were had in the probate court with respect to this instrument and on January 26, 1954, it was admitted to probate as the last will and testament of Beatrice Watson Owens, and it was ordered that letters testamentary issue to the named executrix, Pauline Faust. Petitioner-appellant Reuben Owens, husband of the decedent, appeared personally at this hearing.

On June 14, 1954, appellant filed a petition in the probate court praying that it set aside its order admitting the will to probate for the reason that decedent "was not of sound mind and memory * * * was mentally incapacitated for making a will for proper distribution of her property * * * was coerced into signing said writing by the undue influence of the defendant, Pauline Faust, and by false and fraudulent statements of said Pauline Faust".

The above court after a hearing on said petition found that no grounds existed which would invalidate the will, and denied the same. Thereafter an appeal was taken to the District Court of the Second Judicial District. The cause was tried to the court without a jury and at the conclusion of all of the evidence it made and entered an order dismissing appellant's petition. He now comes to this Court asking that the decision of the District Court be reversed.

Appellant contends that in the *de novo* hearing in the district court, the principal issue for consideration was the validity of the will, and that there was a failure of proof in establishing the same. He also claims that the burden of proof was on the proponent of the will in the appeal of the contest to the district court, and that this burden has not been met.

Decedent's will was produced and filed with the probate clerk as required by Section 30–2–1 of 1953 Compilation and after proper notice was given and evidence received regarding the admission of the instrument as the last will and testament of

the decedent, the probate court made its finding as to its validity and entered an order approving the same. Section 30–2–11 of 1953 Compilation. No appeal was taken from this order to the district court. Appellant instead petitioned contesting probate under Section 30–2–13 of 1953 Compilation, which provides:

"*Contest of Probate.*—When a will has been approved, any person interested may at any time within six (6) months after such probate, contest the same or the validity of the will. For that purpose he shall file in the court in which the will was proved, a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked."

■ When the petition was denied appeal of the contest was taken to the district court. From the time appellant petitioned the probate court to set aside the will, he in effect became the plaintiff in a new action. In re Martinez' Will, 1942, 47 N.M. 6, 132 P.2d 422; Calloway v. Miller, 1954, 58 N.M. 124, 266 P.2d 365; In re Towndrow's Will, 1943, 47 N.M. 173, 138 P.2d 1001.

In his contest action appellant had the burden of proving that the will was invalid because of mental incapacity, "coercion by undue influence", and fraud. If the contest had been made prior to allowance of probate the proponent of the will would have had the burden of proving the mental capacity of the testatrix when challenged by evidence, although mental capacity would be presumed when not challenged. In re Chavez' Will, 1935, 39 N.M. 304, 46 P.2d 665; In re Riedlinger's Will, 1935, 39 N.M. 168, 42 P.2d 1113. The same would be true had the appeal been taken from probate.

Appeals from allowance or denial of probate are heard *de novo* in the district court. Section 30–2–11, N.M.S.A., 1953; Calloway v. Miller, supra; In re Martinez' Will, supra; In re Roeder's Estate, 1940, 44 N.M. 429, 103 P.2d 631; In re Riedlinger's Will, 1932, 37 N.M. 18, 16 P.2d 549; and Miera v. Akers, 1919, 25 N.M. 508, 184 P. 817.

■ Appeals from contest after probate must also be *de novo* to the district court. The Constitution of the State of New Mexico provides:

"Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts * * * to the district courts, and *in all such appeals* trial shall be had *de novo* unless otherwise provided by law." Article VI, Sec. 27.

■ In his appeal to the district court appellant had the same burden of proof he had in his original contest in the probate

court, that of proving the allegations set forth in his complaint. He has not only the burden of going forward with the evidence, but also the ultimate burden of proof, since our contest statute has been interpreted as placing the contestant in the position of a plaintiff in a new action. See 57 Am.Jur. § 90. The issues in the contest action have been limited by contestant's petition, and he can not now assert that respondent has failed to make out a case. Respondent is defending a case.

■ Appellant objects to the sufficiency of the evidence to support the findings of fact of the district court. The trial judge found that at the time the will was executed testatrix possessed sufficient mental capacity to know the nature and objects of her bounty; to understand the nature and effect of her act; to comprehend the kind and character of her property; and to dispose thereof according to a plan. Based upon such finding the Court concluded that testatrix was possessed of testamentary capacity.

■ It would serve no useful purpose to set forth the testimony of the various witnesses. From our own reading of it we should not feel warranted in concluding differently or in reversing the decision for lack of substantial evidence. The evidence is in conflict, of course, but the credibility of the witnesses and the weight of the evidence is within the province of the trial judge. In re Chavez' Will, supra.

Appellant objects to the testimony of Dr. Lucien G. Rice, Jr., having been received in evidence, because, he asserts it was expert opinion which was received without there first having been a proper foundation laid. He also argues the probative value of said testimony. As pointed out above, probative value is for the trial court.

■ Without deciding whether the testimony was or was not competent as evidence in this case, and therefore open to objection, suffice it to say that it appears from the record that there was no objection for lack of a proper foundation in the trial of this case. In fact the entire testimony was admitted without objection. "The initiative in excluding improper evidence is left entirely to the opponent,—so far at least as concerns his right to appeal on that ground to another tribunal. The judge may of his own motion deal with offered evidence; but for all subsequent purposes it must appear that the opponent invoked some rule of evidence. A rule of evidence not invoked is *waived*." I Wigmore on Evidence, 3d Ed., Section 18.

For the reasons stated, the judgment of the district court will be affirmed.

It is so ordered.

SADLER, McGHEE and COMPTON, JJ., and JOHN B. McMANUS, Jr., D. J., concur.