46 P.(2d) 665

### In re CHAVEZ' WILL.

No. 4031.

Supreme Court of New Mexico.

June 17, 1935.

George A. Shipley, of Alamogordo, and John E. Hall, of Carrizozo, for appellant.

· J. C. Gilbert, of Roswell, and H. B. Hamilton, of El Paso, Tex., for appellees.

WATSON, Justice.

Severo Gallegos, principal beneficiary and named executor, having proposed for probate a document purporting to be the will of Florencio Chavez, appeals from an adverse final judgment.

The cause was submitted to the court and decided upon findings. The issues included forgery, fraud, undue influence, and mental incapacity. In the findings made of the court's own motion, the decision is based entirely on mental incapacity, with a suggestion that some or all of the other objections were not unworthy of consideration. Special findings requested and allowed are to the effect that though the document was prepared by the justice of the peace at the time claimed, about a week before the testator's death, it was not executed.

Appellant lists thirty-two points relied on for reversal. These he assembles in six groups for argument. Counsel seem to agree that the decisive issue, and that to which any reversible error must be related, is the mental capacity of the deceased. That is the point last argued by appellant. The other five are somewhat ancillary. They seem to be urged not so much as showing reversible error in themselves, but rather as indicative of misunderstanding of the evidence and of misconception of the law, affecting the soundness of the conclusion on the main question.

It would serve no useful purpose, we think, to set forth the testimony of the numerous witnesses. From our own reading of it, and disregarding all questions as to its competency, we should not feel warranted in concluding differently or in reversing the decision for any lack of substantial evidence. We think it the better and more generally followed rule that mental capacity is one of the essential elements of the proponent's case. It is to be presumed, it is true, when not questioned. But the proponent bears the burden of proof when it is challenged by evidence. 68 C. J. 446.

Here there is undoubtedly sufficient evidence to sustain the burden of proof as to mental capacity. But there is evidence conflicting. The credibility of the witnesses and the weight of the evidence are decisive. Those are matters peculiarly within the province of the trial judge.

Of the five points which we have termed somewhat ancillary, the reply brief indicates that three are mainly relied upon. We think we shall do no injustice to appellant's contentions if we here confine ourselves to those three.

First. Appellant undertakes to show improper impeachment of some of his witnesses and a resulting disregard of their testimony, to the prejudice of the main question.

One Mackey was a justice of the peace. He prepared the document, signed as a witness, and testified to its formal execution and publication, and to matters affecting the mental capacity of the decedent. Appellees were permitted to show that some time after the death of the decedent this witness had interviewed an attorney with a view to retaining him in behalf of the proponent to exhibit a claim against the estate of the deceased, based upon a note which "could be" for $2,000 and which the proponent "could have."

This impeachment appellant says was upon a collateral and immaterial issue. Recalling that one of the issues was forgery, we are unable to admit the contention. This interview with the attorney by one who claims to have been a witness to the will, in behalf of him who was almost the sole beneficiary, in which no will seems to have been mentioned, and which seems to have been in advancement of a claim against the estate, is a circumstance we think worth taking in-

to account in connection with the claim that no will had been executed.

It may also be inferred from this impeaching testimony that the witness was willing to concern himself in the preferring of a fictitious claim against the estate. If so inferred, there is disclosed an interest of the witness affecting his credibility; a matter not deemed collateral within the impeachment rule. State v. Newman, 29 N. M. 106, 219 P. 794; State v. Kile, 29 N. M. 55, 218 P. 347.

Some of the testimony of this and of another witness given in the probate court was read in evidence. Appellant strongly insists that there was nothing in the former evidence inconsistent with or contradictory of the present testimony. If that is true, we do not see how the reading of it can have been prejudicial.·

■ Second. The first protest in this·case was filed by heirs at law. Later, Emilia Chavez de Vigil filed separate protest. According to this record she is not an heir at law. In her protest she alleged: "That she is interested in the estate of Florencio Chavez, deceased, and at the proper time and place will file the necessary suit or proceeding claiming her rights to the entire estate. * * *" Appellant complains of having been unduly limited in cross-examination of this protestant in his efforts to develop the nature of that interest as bearing upon her bias and credibility. Her protest admits the highest interest any witness could have in such a case, a claim to the whole estate if the will could be defeated. We cannot see how appellant's position could have been helped by a disclosure of the nature or legal foundation of the claim, a matter otherwise immaterial in this trial.

Third. Appellant submits the proposition that the trial judge "based his opinion as to the testamentary capacity of the . deceased on the physical condition of the testator rather than his mental condition at the time the will was executed."

The trial judge did, in the opinion or findings made of his own motion, emphasize and place great reliance upon certain physical maladies and disabilities of the deceased. We should of course be slow to conclude that a district judge would make so serious a mistake as that charged. It is sufficient here to say that the record as a whole raises no doubt in our minds that the judge was fully cognizant of the nature of the question involved. He gave great, but we cannot say undue, weight to the physical facts as likely to produce and indicative of mental incapacity.

We have here covered only the points particularly stressed by appellant, but other matters urged have not been overlooked. A case covering so wide a field, and where the controversy hinges so much more upon facts than upon law, is difficult to review. Where the judge is the fact finder, reversal and new trial need not follow every technically erroneous ruling. On the whole record

we are persuaded that the court's conclusion, that the deceased lacked testamentary capacity, is supported by substantial evidence, and are not persuaded that that conclusion was arrived at as a result of any erroneous ruling or misconception of controlling law.

The judgment will be affirmed, and the cause will be remanded. It is so ordered.

SADLER, C. J., and BICKLEY, and ZINN, JJ., concur.

HUDSPETH, J., did not participate.